RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUL 6 AM 9:37

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO
### (SAN JUAN DIVISION)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

KHAMRAJ LALL,

    Defendant-Petitioner.

_____/

Civil Action No. 23-cv-1355 (JAG)

Criminal No. 3:14-CR-736-JAG-1

## PRO SE PETITION FOR A WRIT OF ERROR CORAM NOBIS, PURSUANT TO THE "ALL WRITS ACT" (28 U.S.C. 1651(a))

NOW COMES Petitioner, KHAMRAJ LALL, pro se, and respectfully submits this Petition for a Writ of Error Coram Nobis, pursuant to 28 U.S.C. 1651(a)("All Writs Act"), for an order vacating the criminal judgment of conviction and sentence imposed in this matter. For the reasons set forth hereinafter, an order granting this petition should be issued forthwith, in the interest of justice.

### I.  Background and Relevant Facts.

On November 24, 2014, Petitioner was charged in a criminal complaint with bulk cash smuggling, in violation of 31 U.S.C. 5332(a)(1) and (2). On December 10, 2014, a grand jury sitting in the District of Puerto Rico returned a single-count indictment charging the same offense. On June 29, 2015, on the advice of counsel, Petitioner entered a plea of guilty to the single-count indictment.

Prior to entering the plea in this case, counsel advised Petitioner that if he was willing to enter a plea of guilty in this case, that plea would not be used against him in the future, and that the Government would not seek to prosecute him for his involvement in any other matters. According to counsel, a plea of guilty in this case would serve to shield Petitioner from further and future prosecution. Accepting the information furnished upon him by counsel, Petitioner agreed to enter a guilty plea in this case, and he did just that.

But for counsel's representation that the plea would not be used against Petitioner in the future, and that Petitioner would not be prosecuted for his involvement in other criminal activity, Petitioner would never have entered a plea of guilty. Instead, he would have insisted on proceeding to the trial on the indictment.

On March 29, 2016, the Court sentenced Petitioner to one year imprisonment, to be followed by three years of supervised release. No appeal was taken since this Petitioner believed he could not appeal.

Contrary to the assurances provided by counsel, not only was the guilty plea in this case used during a subsequent federal prosecution, but Petitioner was prosecuted for the very conduct that counsel advised he would not be prosecuted for. Petitioner now seeks a writ of error coram nobis, and such should be granted.

**II.    Arguments.**

**BOTH PETITIONER'S CONVICTION AND SENTENCE WERE UNCONSTITUTIONAL SINCE THEY WERE THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL, AND A WRIT OF ERROR CORAM NOBIS SHOULD PROMPTLY ISSUE TO CORRECT THE FUNDAMENTAL ERRORS AND INJUSTICE**

**A. The Legal Standard.**

The writ of error coram nobis is of ancient lineage, tracing its roots to the sixteenth century English common law. *United States v. Sawyer,* 239 F.3d 31, 38 (1st Cir. 2001). Its original purpose was to promote respect for the judicial process by enabling a court to correct technical errors in a final judgment previously rendered. *See, United States v. Denedo,* 129 S. Ct. 2213, 2220 (2009). In the United States, the office of the writ has expanded well beyond the reopening of a final judgment to correct technical errors. *Id.* In federal criminal cases, the writ is now available as a remedy of last resort for the correction of fundamental errors of fact or law. *Trenkler v. United States,* 536 F.3d 85, 93 (1st Cir. 2008). "The rare remedy of a writ of error coram nobis may be 'used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. 2255.'" *Mendoza v. United States,* 690 F.3d 157, 159 (3d Cir. 2012). Although Petitioner is currently "in custody," he is not in custody on the judgment here, and thus cannot seek relief under 28 U.S.C. 2255.

To obtain a writ of error coram nobis, a petitioner must show that (1) he suffers from continuing consequences of the conviction, (2) no remedy was available at the time of trial, (3) sound reasons exist for failing to seek relief earlier, and (4) the proceedings contained errors of the most fundamental kind. *United States v. Stuler*, 614 F. App'x 597, 598 (3d Cir. 2015) (quoting *United States v. Stoneman*, 870 F.2d 102, 105-06 (3d Cir. 1989)). This Petitioner respectfully submits that the facts asserted herein conclusively establish that he is entitled to coram nobis relief.

**B. Discussion.**

This Petitioner submits that he was deprived of his right to effective assistance of counsel in this case, and that such ineffectiveness resulted in him entering an involuntary, unknowing, and wholly unintelligent guilty plea. To make out a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) that but for counsel's unprofessional errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "Counsel, in order to be constitutionally competent, has an obligation to advise a criminal defendant whether an offense to which he may plead guilty will result in [collateral consequences]." *United States v. Orocio*, 645 F.3d 630, 636 (3d Cir. 2011), *abrogated on other grounds by Chaidez v. United States*,

568 U.S. 342 (2013).

To establish prejudice, a petitioner must demonstrate that, but for counsel's ineffectiveness, he would not have entered a plea of guilty, but would have insisted on proceeding to trial instead. *See, Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

Here, counsel not only failed to apprise Petitioner of the collateral consequences of his guilty plea, but counsel made affirmative misrepresentations regarding the use of the guilty plea. These affirmative misrepresentations included assurances that Petitioner's guilty plea would not be used against him – although his guilty plea would subsequently be both admitted at trial and used to increase Petitioner's sentence exposure. In addition, counsel assured Petitioner that he would not be further prosecuted for any unlawful conduct. This, too, was an untruth, as Petitioner was prosecuted both in New York and New Jersey federal courts following his conviction in this case.

Accordingly, the writ of error coram nobis should issue, and the judgment of conviction and resulting sentence should be vacated.

### III. Conclusion.

Having demonstrated his entitlement to relief under the "All Writs Act," an order issuing the writ should follow.

WHEREFORE, Petitioner prays that the Court will grant this petition.

## IV. Verification.

Petitioner verifies and states pursuant to 28 U.S.C. 1746 that the facts asserted herein are true and correct, to the best of his knowledge, belief and recollection.

Dated: Waymart, Pennsylvania

June 16, 2023

Respectfully submitted,

*Khamraj Lall*
s/ *Khamraj Lall*

**KHAMRAJ LALL**
**REGISTER NO. 44899-069**
**F.P.C. CANAAN**
**P.O. BOX 200**
**WAYMART, PA 18472**

## III. Certificate of Service.

This shall certify that a true and correct copy of this petition has been mailed to the U.S. Attorneys Office (D.P.R.) at 350 Chardon Ave, San Juan, PR 00918, this 16th day of June, 2023.

*Khamraj Lall*
*Khamraj Lall*

**KHAMRAJ LALL**

-6-